UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE LORA,                                        :

        Petitioner,               :      04 Civ. 1902 (RJH) (GWG)

  -v.-                                            :      REPORT AND
                                                                RECOMMENDATION
CAL WEST, Superintendent, Elmira Correctional   :
Facility,
                                                                :
        Respondent.
                                                                 :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Jose Lora, an inmate at the Great Meadow Correctional Facility in Comstock, New York, was convicted of three counts of murder in the second degree and one count of conspiracy in the second degree after two separate jury trials in January 1997 and April 1998. After his convictions were affirmed on appeal, he retained counsel and brought a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied on June 20, 2005. On December 17, 2009, he filed the instant pro se motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(6). For the reasons stated below, Lora's motion should be denied.

I.    BACKGROUND

    A.    Habeas Petition

      Lora, through counsel, filed a petition for writ of habeas corpus on March 10, 2004 arguing: (1) that evidence of his involvement in drug activity and other illegal acts was improperly admitted at his trial; (2) that the trial court should not have told the jury that the charges against Lora were not punishable by death; (3) that the trial court gave improper instructions to the jury as to burden of proof and the reasonable doubt standard; and (4) that his

counsel suffered from a conflict of interest when he represented Lora at a lineup identification. See Report and Recommendation, filed Feb. 17, 2005 (Docket # 14), at 8, 11, 20.

On February 17, 2005, the undersigned issued a Report and Recommendation recommending that Lora's petition should be denied. See id. The Report and Recommendation concluded that Lora's first three claims were procedurally barred because they were never raised at trial, see id. at 14-16, 18-20; that his ineffective assistance of counsel claim was "without merit," id. at 25; and that the Appellate Division's decision rejecting it therefore "neither was contrary to nor represented an unreasonable application of any Supreme Court law," id. The Report and Recommendation advised the parties that they had 10 days to file objections with Judge Holwell. See id. at 26.

On February 23, 2005, Lora's attorney requested an extension of time until March 15, 2005 to file objections, which was granted. See Memorandum Endorsement, filed Mar. 2, 2005 (Docket # 17). On June 13, 2005, Judge Holwell issued an order adopting the Report and Recommendation. See Order, filed June 20, 2005 (Docket # 18). Judge Holwell's order noted that he had received neither objections to the Report and Recommendation nor any request for an extension of time in which to file objections. Id. A judgment dismissing the case was entered on June 21, 2005. See Clerk's Judgment, filed June 21, 2005 (Docket # 19).

B. Instant Motion

On December 17, 2009, Lora filed the instant motion under Fed. R. Civ. P. 60(b). See Notice of Motion, filed Dec. 17, 2009 (Docket # 20); Affirmation in Support of Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure Rule 60(b) & 28 U.S.C. § 1655, dated Oct. 6, 2009 ("Pet. Aff.") (annexed to Notice of Motion); Memorandum of Law in Support

of Rule 60(b)(6) Motion, dated Sept. 22, 2009 ("Pet. Mem.") (annexed to Notice of Motion). Lora requests that the Court vacate its order denying his petition in order to permit him to file objections to the Report and Recommendation and to seek a certificate of appealability. See Pet. Aff. ¶¶ 11-12. In the alternative, he seeks an extension of his time to appeal. Id. ¶ 9. Lora contends that he is entitled to this relief because the attorney who represented him for the purposes of his petition was ineffective for failing to assert additional grounds for relief and for failing to file objections to the Report and Recommendation and seek a certificate of appealability. See id. ¶ 6; Pet. Mem. at 8-9b. Respondent argues that Lora's motion is untimely, see Affirmation in Opposition to Petitioner's Motion, filed Jan. 29, 2010 (Docket # 21) ("Resp. Mem."), at 5-6; that Lora has no cognizable claim for ineffective assistance of counsel because there is no constitutional right to counsel at collateral proceedings, id. at 7-9; and that Lora in fact received effective assistance of counsel, id. at 8. Lora submitted a reply and a supplemental reply. See Reply Affirmation in Opposition to the Government's Answer to Petitioner's 60(b) Motion for Reconsideration, filed Apr. 2, 2010 (Docket # 24) ("Pet. Reply"); Reply Supplemental Affirmation in Opposition to the Government Answer to Rule 60(b) Motion, filed Mar. 3, 2010 (Docket # 23).

II.     DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion brought under Rule 60(b) must be made "within a reasonable time," and motions brought under

Rule 60(b)(1), (2), or (3) must be made within one year after the entry of the judgment. See Fed. R. Civ. P. 60(c)(1). A petitioner seeking relief under Rule 60(b)(6) must demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment," which will "rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).[1]

Respondent contends that Lora's motion should be characterized as a Rule 60(b)(1) motion, which would be subject to a one-year time limitation. See Resp. Mem. at 5-6; Fed. R. Civ. P. 60(c)(1). Lora argues that his motion was properly brought under Rule 60(b)(6), see Pet. Aff. ¶¶ 11-12, which requires that the motion be brought within a "reasonable time," see Fed. R. Civ. P. 60(c)(1).[2] It is unnecessary to determine whether Lora's motion is best characterized as a Rule 60(b)(1) or a Rule 60(b)(6) motion, however, as he has failed to bring his motion within a reasonable time.

To determine whether a Rule 60(b)(6) motion is brought within a reasonable time, a court must "look at the particular circumstances of each case and balance the interest in finality with the reasons for delay." Grace v. Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n.8 (2d Cir. 2006)

---

[1] Gonzalez also held that Rule 60(b) applies in the habeas context only where the petitioner seeks review of a "defect in the integrity of the federal habeas proceedings" – not where the petitioner attacks "the substance of the federal court's resolution of a claim on the merits." 545 U.S. at 532. Because Lora's motion alleges procedural errors in the disposition of the petition, it is not barred by this doctrine.

[2] Lora briefly argues that his motion could also be brought under Rule 60(b)(2), see Pet. Reply ¶ 6, which permits relief if the movant demonstrates the existence of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2). In addition, he occasionally uses the language of Rule 60(b)(1) regarding "mistake, inadvertence, surprise, or excusable neglect." See, e.g., Pet. Reply ¶ 3. It would not benefit Lora to treat his motion as arising under either Rule 60(b)(1) or 60(b)(2), however, because motions under each of those rules must be brought within one year of the final judgment. See Fed. R. Civ. P. 60(c)(1).

(citation and internal quotation marks omitted), cert. denied, 549 U.S. 1114 (2007).  Lora filed his Rule 60(b) motion more than four years after the dismissal of his habeas petition.  Courts have consistently found shorter delays to be unreasonable in habeas corpus cases absent some justification for the delay.  See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (26 months "constitutes a patently unreasonable delay absent mitigating circumstances"); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (3.5 years); Reynolds v. Greene, 2010 WL 604179, at *4 (N.D.N.Y. Feb. 16, 2010) (more than 2 years) (listing cases); James v. United States, 603 F. Supp. 2d 472, 479 (E.D.N.Y. 2009) (21 months); United States v. Morales, 2008 WL 4921535, at *4 (S.D.N.Y. Nov. 10, 2008) (3 years); Yuk Chun Kwong v. United States, 2006 WL 467956, at *2 (E.D.N.Y. Feb. 27, 2006) (3.5 years); LaFontaine v. Comm'r of Corr. Servs., 2005 WL 1161934, at *2 (S.D.N.Y. May 17, 2005) (3 years), aff'd, 184 Fed. App'x 96 (2d Cir. 2006); Moses v. United States, 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (20 months) (listing cases), aff'd, 119 Fed. App'x 357 (2d Cir.), cert. denied, 544 U.S. 1067 (2005).

Lora seeks to justify his delay in filing this motion by arguing that his attorney led him to believe that he had filed objections to the Report and Recommendation and was pursuing an appeal.  See Pet. Aff. ¶¶ 4-5, 10, 14; Pet. Reply ¶ 12.  The problem with Lora's argument is that the materials he has submitted plainly do not justify the four year delay between the judgment in his case and his Rule 60(b) motion.

The best piece of evidence in Lora's favor is an affidavit from his sister regarding communications with his attorney in February 2005.[3]  See Affidavit in Support of Rule 60(b)

---

[3] Ms. Lora's affidavit indicates that her communications with Lora's attorney occurred in February "2006."  See C. Lora Aff. ¶ 4.  This can only be a typographical error.  The affidavit refers to an attached letter from Lora's attorney dated February 23, 2005 regarding the issuance

Motion, dated Nov. 2, 2009 ("C. Lora Aff.") (annexed as Ex. A to Pet. Aff.).  Attached to the affidavit is a letter to Ms. Lora from Lora's attorney, dated February 23, 2005, indicating that he was enclosing a copy of the Report and Recommendation, which recommended denial of Lora's petition.  See Feb. Letter.  Lora's attorney also advised Ms. Lora that they had 10 days to object to the Report and Recommendation and that he was "in the process of attempting to obtain additional time to file said objections."  Id.  Ms. Lora attests that she spoke with Lora's attorney by telephone after receiving his letter, at which time he told her that he would keep her advised of the appeal process, as well as the extension of time for filing objections to the Report and Recommendation.  See C. Lora Aff. ¶¶ 4-5.  The affidavit is silent, however, on what conversations Ms. Lora had with Lora subsequent to that date.  Nor has Lora himself provided any testimony on this question.  If this were the only evidence, it would be unlikely to justify Lora's delay as it would not be reasonable for Lora to believe that his attorney was diligently advocating on his behalf when he had not heard from that attorney in many years.

   More significantly, however, Lora has provided two letters that indicate that he knew years ago that a decision had been reached in his case.

   Lora has submitted a letter from his attorney, dated March 24, 2005, addressed to Lora in prison and advising Lora that the Report and Recommendation had been issued and that counsel saw no basis for objecting to it.  See Letter from Scott L. Hammer to Jose Lora (Mar. 24, 2005) (annexed as Ex. 1 to Pet. Aff.).  The letter states:

---

of the Report and Recommendation, see Letter from Scott L. Hammer to Chislene Lora (Feb. 23, 2005) ("Feb. Letter") (annexed as Ex. 2 to Pet. Aff.), and Ms. Lora indicates that she and Lora's attorney discussed the Report and Recommendation, see C. Lora Aff. ¶¶ 4-5, which was issued on February 17, 2005.

6

> I have carefully reviewed the Report and Recommendation of Judge Gorenstein and I am forced to conclude that Judge Gorenstein's view of this case is both correct and the view which will prevail before Judge Holwell. . . .
> There is no principled legal or factual basis to further challenge the conclusion reached [by] Judge Gorenstein and any further effort will result in the creation of a false hope which will be followed by a further disappointment. To say otherwise would be intellectually dishonest. In the absence of a compelling factual demonstration, based on actual admissible evidence, of your innocence there is nothing further to be done in this case.

Id. Lora at no time suggests that he did not receive this letter from his attorney.[4]

Second, Lora attaches a letter from Judge Holwell, dated November 8, 2006, that is written in response to a letter (not attached to Lora's motion) that Lora previously sent to Judge Holwell.[5] See Letter from Hon. Richard J. Holwell to Ronald L. Cohen (Nov. 8, 2006) (annexed as Ex. B to Pet. Aff.). The November 8 letter from Judge Holwell reflects that a copy was sent to Lora. The letter specifically states that the habeas petition was dismissed and that the case was closed in June 2005. Thus, Lora knew at the latest in November 2006 of the existence of the judgment dismissing his petition. Yet he did not seek to file his motion until three years later.

Finally, Lora argues that the time for filing his Rule 60(b) motion should run anew from the date that Judge Holwell sent him a second letter, in September 2009, informing Lora, for a second time, that his habeas petition had been denied. See Pet. Reply ¶ 13 (citing Letter from

---

[4] Lora does refer to there being no proof in any "institutional facility log book" that he was informed of his right to appeal. See Pet. Aff. ¶ 10. But there is no requirement that a defendant represented by counsel receive such a notice in a civil case. In any event, this statement does not reflect that Lora was unaware that his habeas petition had been dismissed.

[5] Lora's own letter is dated October 23, 2006 and refers to the fact that the Court had previously "advised" him that certain grounds raised in his petition had not been "exhausted." Lora's letter then lists the three claims that the Court had ruled were procedurally barred and seeks permission to withdraw his petition so that he might exhaust these claims. Thus, Lora's own letter suggests that he was aware of the Court's decision even before Judge Holwell sent his letter of November 8, 2006.

Hon. Richard J. Holwell to Jose Lora (Sept. 9, 2009) (annexed as Ex. B1 to Pet. Aff.)). But the time limit under Rule 60(b) is measured from "the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Lora's challenge here is to the judgment dismissing his case, not to the September 2009 letter from Judge Holwell.

In sum, in light of the evidence that Lora was aware of the adverse decision in this case in either March 2005 or at the latest November 2006, his motion pursuant to Fed. R. Civ. P. 60(b) was not brought within a reasonable time.[6]

### III. CONCLUSION

For the foregoing reasons, Lora's Rule 60(b) motion (Docket # 20) should be denied.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard J. Holwell, and to the undersigned, at 500 Pearl

---

[6] With respect to Lora's separate request for an extension of his time to appeal, we note that the period in which to seek an extension of the time to appeal has long since expired. See Fed. R. App. P. 4(a)(5)(A)(i). In any event, such an extension would be of no use to Lora as he would be barred from assigning as error any claims in the disposition of his petition that were not the subject of objections. See, e.g., Thomas v. Arn, 474 U.S. 140 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

We also do not address Lora's claim that he received ineffective assistance of counsel with respect to his federal habeas petition as there is no right to counsel with respect to federal habeas proceedings. See generally Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("right to appointed counsel extends to the first appeal of right, and no further").

Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Holwell.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: April 16, 2010
       New York, New York

                                                                                                                          _____
                                                                                                                          GABRIEL W. GORENSTEIN
                                                                                                                          United States Magistrate Judge

Copies sent to:

Jose Lora
97-A-0846
Great Meadow Correctional Facility
11739 State Route 22
P.O. Box 51
Comstock, NY 12821-0051

Mark Dwyer
New York County District Attorney's Office
One Hogan Place
New York, NY 10013

Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Holwell. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: April 16, 2010
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Jose Lora
97-A-0846
Great Meadow Correctional Facility
11739 State Route 22
P.O. Box 51
Comstock, NY 12821-0051

Mark Dwyer
New York County District Attorney's Office
One Hogan Place
New York, NY 10013