UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE LORA,

                Petitioner,

    -against-

CAL WEST, Superintendent, Elmira Correctional Facility,

                Respondent.

04 Civ. 1902 (RJH)(GWG)

**MEMORANDUM OPINION AND ORDER**

---

On April 16, 2010, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") recommending that the Court deny Petitioner Jose Lora's Rule 60(b)(6) motion for reconsideration of the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Judge Gorenstein found that the motion, which Lora filed more than four years after the Court denied his habeas petition, was untimely because it had not been filed "within a reasonable time," as required by Fed. R. Civ. P. 60(c)(1). Lora filed timely objections.

The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Council v. Connell*, 2010 WL 2884746, at *1 (S.D.N.Y. July 20, 2010). However, the court is required to make a *de novo* determination concerning those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Bandhan v. Lab. Corp. of*

*Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002).  The court may then accept, reject, or modify in whole or in part recommendations of the Magistrate Judge.  *Id.*

Lora objects to Judge Gorenstein's conclusion that the reconsideration motion was not filed within a reasonable time.  He argues (1) that his four-year delay in filing the motion was reasonable because he is not an attorney and was limited to the use of inadequate prison libraries; (2) that he did not file his motion earlier because his attorney falsely led him to believe he was pursuing an appeal of the habeas denial; and (3) that Judge Gorenstein should have at least held an evidentiary hearing on the causes of the four-year delay.  Having reviewed the record *de novo*, the Court finds these arguments unpersuasive.  The record establishes that Lora received notice of the denial of his habeas petition by November 2006 at the latest.  By that time, Lora had also received a letter from his counsel stating unequivocally that he did not believe there was any "principled legal or factual basis" for pursuing Lora's petition further.  Nonetheless, Lora waited until December 17, 2009, to file this reconsideration motion.  As Judge Gorenstein noted in the Report, there is ample authority for the proposition that a delay of this magnitude is "unreasonable" under Fed. R. Civ. P. 60.  *See United States v. Morales*, 2008 WL 4921535, at *4 (S.D.N.Y. Nov. 10, 2008); Report at 5 (citing cases).

Lora also relies on the Supreme Court's recent decision in *Holland v. Florida*, 130 S. Ct. 2549 (2010), for the proposition that his motion should not be deemed untimely because the delay in filing was caused by attorney error.  *Holland* held that attorney misconduct may in certain "extraordinary" circumstances form the basis for equitable tolling of the one-year statute of limitations on habeas petitions by state prisoners.  130 S. Ct. at 2564.  Even if *Holland* extends to Rule 60 reconsideration

2

motions, however, the case does not help Lora because the record shows that his own neglect, rather than any severe attorney misconduct, caused the four-year filing delay.

The Court has considered Lora's other arguments and finds that they lack merit. The Report is adopted in its entirety and the motion for reconsideration [20] is denied.

SO ORDERED.

Dated: New York, New York
Sept. 16, 2010

Richard J. Holwell
United States District Judge