UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| JOSE LORA, | |
|---|---|
| Petitioner, | |
| -v.- | 04 Civ. 1902 (KPF) |
| SUPERINTENDENT, SULLIVAN CORRECTIONAL FACILITY, | **ORDER** |
| Respondent. | |

KATHERINE POLK FAILLA, District Judge[1]:

    This matter was originally assigned to former United States District Judge Richard J. Holwell, and was recently reassigned to the undersigned. Petitioner Jose Lora has requested that this Court issue a certificate of appealability to permit him to appeal an order originally issued in September 2010. For the reasons set forth in this Order, Petitioner's request is denied.

    The Court's decision is compelled by the procedural history of this case. To begin, on March 10, 2004, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"), challenging his convictions, after two separate trials, of several counts of Murder in the Second Degree and one count of Conspiracy in the Second Degree. (Dkt. #1). The matter was referred to United States Magistrate Judge Gabriel W. Gorenstein for a report and recommendation. (Dkt. #3). On February 17, 2005, Judge Gorenstein issued a Report and Recommendation (the "2005 Report") recommending that

---

[1]     The Clerk of Court is directed to modify the caption as shown above, to reflect the correctional facility to which Petitioner is currently assigned.

the Petition be denied in its entirety. (Dkt. #14). *Lora* v. *West*, No. 04 Civ. 1902 (RJH) (GWG), 2005 WL 372295 (S.D.N.Y. Feb. 17, 2005). Of potential significance to the instant request, Judge Gorenstein specified the deadline within which objections to the 2005 Report were to be filed in the body of the Report, but neither side filed objections. (*See* Dkt. #14; *see also* Dkt. #18 (Order of June 20, 2005 adopting 2005 Report)). *See Thomas* v. *Arn*, 474 U.S. 140 (1985) (noting that a failure to file objections in a timely fashion operates as a waiver of both the right to object and the right to appeal from a report and recommendation); *see also* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b). A judgment dismissing the case was entered by the Clerk of Court on June 21, 2005. (Dkt. #19).

Four and one-half years later, on December 17, 2009, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) to vacate the order denying the Petition in order to permit him to object to the 2005 Report and to obtain a certificate of appealability; alternatively, he sought an extension of his time to appeal. (Dkt. #20-21). While the Petition had been filed with the assistance of habeas counsel, the Rule 60(b) motion was filed *pro se.* Again, Judge Holwell referred the matter to Judge Gorenstein for a report and recommendation. On April 16, 2010, Judge Gorenstein issued a report and recommendation (the "2010 Report") recommending that the Rule 60(b) motion be denied. (Dkt. #25). *Lora* v. *West*, No. 04 Civ. 1902 (RJH) (GWG), 2010 WL 1541339, at *1 (S.D.N.Y. Apr. 16, 2010). In broad summary, Petitioner argued that he was entitled to a vacatur of the prior orders because his attorney had been

"ineffective for failing to assert additional grounds for relief and for failing to file objections to the Report and Recommendation and seek a certificate of appealability." *Id.* at *1. Judge Gorenstein concluded based on the record before him that Petitioner may have been aware of the 2005 Report as far back as March 2005, but was certainly aware of it no later than November 2006; from this, Judge Gorenstein concluded that Petitioner's Rule 60(b) motion had not been brought within a reasonable time. *Id.* at *4; *see generally* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Petitioner timely objected to the 2010 Report. (Dkt. #26-27). Judge Holwell considered his objections, but adopted the Report on September 16, 2010. (Dkt. #28). *Lora* v. *West*, No. 04 Civ. 1902 (RJH) (GWG), 2010 WL 3632506 (S.D.N.Y. Sept. 16, 2010). Three months later, Petitioner filed in this Court a supplemental affirmation that was meant for Petitioner's state-court case. (Dkt. #33). The affirmation was returned to Petitioner by Judge Holwell. Petitioner later filed a notice of appeal to the United States Court of Appeals for the Second Circuit on January 21, 2011. (Dkt. #31). Petitioner also requested leave from the District Court to proceed *in forma pauperis* ("IFP") on appeal (Dkt. #29), but Judge Holwell denied his request (Dkt. #30).

Petitioner then proceeded with the appeal, moving before the Second Circuit for a certificate of appealability and permission to proceed IFP. *See Lora* v. *West*, No. 11-0730-pr. While observing that the notice of appeal

appeared to be untimely filed, the Second Circuit noted that Petitioner had filed an undocketed motion for extension of time to file his notice of appeal in the District Court; by Order dated April 27, 2011, it deferred consideration of the motions Petitioner had filed with the Circuit, and directed the District Court to consider the motion for an extension. (Dkt. #35). On June 22, 2011, Judge Holwell denied Petitioner's motion for an extension of time, finding that Petitioner had been aware of the District Court's September 16 Order no later than December 15, 2010, more than a month before he filed his motion for an extension. (Dkt. #38). By Order dated September 9, 2011, the Second Circuit concluded that Petitioner's notice of appeal had been untimely filed, and dismissed the appeal for lack of jurisdiction. (Dkt. #39). After the record was returned to the District Court on December 21, 2011, no activity was docketed in the case for more than seven years.

On March 28, 2019, Petitioner filed a second notice of appeal from Judge Holwell's September 2010 decision. (Dkt. #40). Concurrent with that filing, Petitioner filed a second application for a certificate of appealability that was assigned to this Court. (Dkt. #41; *see also* Dkt. #42). Again, Petitioner focuses on his prior counsel's failure to file a notice of appeal on his behalf back in 2005, but this time he cites the recent Supreme Court decision in *Garza* v. *Idaho*, 139 S. Ct. 738 (2019), which found that an attorney's constitutionally deficient failure to file a notice of appeal in a criminal case was presumptively

4

prejudicial, regardless of the petitioner's execution of plea agreements that contained appellate waivers.[2]

Courts may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *see also Richardson* v. *Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (discussing the standard for issuing a certificate of appealability). The *Garza* case on which Petitioner relies does not aid his cause, and certainly does not demonstrate the denial of a constitutional right. That case arose in the context of criminal proceedings, where the Sixth Amendment guarantees defendants the effective assistance of counsel. *See Garza*, 139 S. Ct. at 743 ("Under [*Strickland* v. *Washington*, 466 U.S. 668 (1984)], a defendant who claims ineffective assistance of counsel must prove (1) 'that counsel's representation fell below an objective standard of reasonableness,' 466 U.S. at 687-688, 104 S. Ct. 2052, and (2) that any such deficiency was 'prejudicial to the defense.'"); *see also* U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the

---

[2] Petitioner also alleges other failures by counsel in connection with his habeas petition, including a "fail[ure] to investigate recantation testimony, which was perjured testimony from a list of witnesses who petitioner's sister gave to him." (Dkt. #42 at 1).

5

assistance of counsel for his defense.").[3]  However, the law is clear that the Sixth Amendment right to the effective assistance of counsel does not extend to habeas proceedings, and by extension, does not extend to cover Petitioner's counsel's claimed failures to object to, or to file a notice of appeal from the District Court's adoption of, the 2005 Report.  *See generally McCleskey* v. *Zant*, 499 U.S. 467, 495 (1991); *Pennsylvania* v. *Finley*, 481 U.S. 551, 555 (1987).

The Court pauses to note that even if such a right to the effective assistance of counsel in habeas proceedings existed, it was Petitioner who waited three years before filing a *pro se* application to reopen the matter in 2009, and it was Petitioner who failed to file a timely appeal from the District Court's September 2011 decision.  And that was nearly eight years ago.  Put simply, *Garza* does not provide a basis for Petitioner to challenge the conduct of his habeas counsel in 2005, nor does it provide a basis for a certificate of appealability in 2019.  Accordingly, Petitioner's motion for a certificate of appealability is denied, as is his application for an evidentiary hearing.  Further, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis status* is denied for the purpose of an appeal.  *See Coppedge* v. *United States*,

---

[3]  Indeed, the significance of the *Garza* decision was not the recognition of a presumption of prejudice in certain situations where counsel failed to file notices of appeal, but its extension of this presumption to cases involving appellate waivers.  In a prior decision — issued years before the events at issue in this case — the Supreme Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."  *Roe* v. *Flores-Ortega*, 528 U.S. 470, 484 (2000).  Notably, *Flores-Ortega* also arose in the context of a criminal proceeding, and also sourced its holding to the Sixth Amendment guarantee of the effective assistance of counsel in criminal proceedings.

6

369 U.S. 438, 444-45 (1962). Finally, the Clerk of Court is directed to modify the docket to reflect Petitioner's current mailing address, since Petitioner is no longer represented by counsel.

SO ORDERED.

Dated: April 25, 2019
New York, New York

　　　　　　　　　　　　　　　　　　　KATHERINE POLK FAILLA
　　　　　　　　　　　　　　　　　　　United States District Judge

*Sent by First Class Mail to:*
Jose Lora
96-A-0846
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, New York 12733-0116