UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LORA,

                Petitioner,

        -v.-

SUPERINTENDENT, SULLIVAN
CORRECTIONAL FACILITY,

               Respondent.

04 Civ. 1902 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

In June 2022, Petitioner Jose Lora moved pursuant to Federal Rule of Civil Procedure 60(b)(6) to reopen a prior order of this Court issued on September 16, 2010 (the "September 2010 Order"), which order denied Petitioner's earlier Rule 60(b) motion to reopen a 2005 order denying Petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Dkt. #52 (notice of motion), 53 (supporting affidavit), 54 (supplemental letter); *see also* Dkt. #25 (September 2010 Order), 18 (June 20, 2005 order adopting report and recommendation that recommended denial of Petitioner's habeas petition)).  For the reasons set forth in the remainder of this Order, the Court denies Petitioner's motion.

## BACKGROUND

Familiarity with the extensive prior procedural history of this case is presumed.  On March 10, 2004, the Clerk of Court docketed Petitioner's counseled petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"), challenging his convictions, after two separate trials, of several

counts of murder in the second degree and one count of conspiracy in the second degree.  (Dkt. #1).  The matter was initially assigned to United States District Judge Richard J. Holwell and was referred to United States Magistrate Judge Gabriel W. Gorenstein for a report and recommendation.  (Dkt. #3).  On February 17, 2005, Judge Gorenstein issued a Report and Recommendation (the "2005 Report") recommending that the Petition be denied in its entirety.  (Dkt. #14).  *Lora* v. *West*, No. 04 Civ. 1902 (RJH) (GWG), 2005 WL 372295 (S.D.N.Y. Feb. 17, 2005).  No objections were filed, and a judgment dismissing the case was entered by the Clerk of Court on June 21, 2005.  (Dkt. #19).

Four and one-half years later, on December 17, 2009, the Clerk of Court docketed Petitioner's *pro se* motion under Federal Rule of Civil Procedure 60(b)(6) to vacate the District Court's judgment.  (Dkt. #20).  Again, Judge Holwell referred the matter to Judge Gorenstein for a report and recommendation.  On April 16, 2010, Judge Gorenstein issued a report and recommendation (the "2010 Report") recommending that the Rule 60(b) motion be denied.  (Dkt. #25).  *Lora* v. *West*, No. 04 Civ. 1902 (RJH) (GWG), 2010 WL 1541339, at *1 (S.D.N.Y. Apr. 16, 2010), *report and recommendation adopted*, 2010 WL 3632506 (S.D.N.Y. Sept. 16, 2010).

In broad summary, Petitioner had argued that he was entitled to a vacatur of the prior judgment because his attorney had been "ineffective for failing to assert additional grounds for relief and for failing to file objections to the Report and Recommendation and seek a certificate of appealability."  2010 WL 1541339, at *1.  Judge Gorenstein concluded, based on the record before

him, that Petitioner may have been aware of the 2005 Report as far back as March 2005, but was certainly aware of it no later than November 2006; from this, Judge Gorenstein concluded that Petitioner's Rule 60(b) motion had not been brought within a reasonable time.  *Id.* at *4; *see generally* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Petitioner timely objected to the 2010 Report.  (Dkt. #26-27).  Judge Holwell considered his objections, but adopted the Report on September 16, 2010.  (Dkt. #28).  *Lora* v. *West*, No. 04 Civ. 1902 (RJH) (GWG), 2010 WL 3632506 (S.D.N.Y. Sept. 16, 2010).  Three months later, after the time to appeal had lapsed, Petitioner filed a supplemental affirmation, ostensibly in support of the now-closed case.  (Dkt. #33).  The affirmation was returned to Petitioner by Judge Holwell, and Petitioner filed a notice of appeal to the United States Court of Appeals for the Second Circuit that was docketed on January 21, 2011.  (Dkt. #31).  Petitioner also requested leave from the District Court to proceed *in forma pauperis* ("IFP") on appeal (Dkt. #29), but Judge Holwell denied his request (Dkt. #30).

Petitioner then proceeded with the appeal, moving before the Second Circuit for a certificate of appealability and for permission to proceed IFP.  *See Lora* v. *West*, No. 11-0730-pr.  While observing that the notice of appeal appeared to be untimely filed, the Second Circuit noted that Petitioner had filed an undocketed motion for extension of time to file his notice of appeal in the

District Court; by Order dated April 27, 2011, it deferred consideration of the motions Petitioner had filed with the Circuit, and directed the District Court to consider the motion for an extension. (Dkt. #35). On June 22, 2011, Judge Holwell denied Petitioner's motion for an extension of time, finding that Petitioner had been aware of the September 2010 Order no later than December 15, 2010, more than a month before he filed his motion for an extension. (Dkt. #38). By Order dated September 9, 2011, the Second Circuit concluded that Petitioner's notice of appeal had been untimely filed, and dismissed the appeal for lack of jurisdiction. (Dkt. #39 (mandate)).

More than seven years later, in March 2019, Petitioner filed a second notice of appeal from the September 2010 Order. (Dkt. #40). Concurrent with that filing, Petitioner filed a second application for a certificate of appealability that was assigned to this Court (Dkt. #41), which application this Court denied by Order dated April 25, 2019 (Dkt. #44; *see also* Dkt. #46 (declining to revisit decision), 50 (denying motion for reconsideration)). By Order dated August 1, 2019, the Second Circuit denied Petitioner's request for a certificate of appealability and dismissed his second appeal for lack of jurisdiction. (Dkt. #51 (mandate)).

### THE INSTANT MOTION

Nearly three years after this second dismissal of an appeal, Petitioner filed the instant motion to reopen the September 2010 Order. (Dkt. #52-54). Relying on the Supreme Court's decision in *Kemp* v. *United States,* 142 S. Ct. 1856 (2022), Petitioner argues that the judicial errors he identified in his

Petition and subsequent findings are timely raised under Rule 60(b)(6).  The *Kemp* decision, however, does not support Petitioner's request.

The Supreme Court in *Kemp* considered whether judicial error was properly addressed under the one-year period specified by Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect," or whether such errors could also be addressed "within a reasonable time" under the catch-all exception set forth in Rule 60(b)(6).  *Kemp*, 142 S. Ct. at 1860.  Proceeding from the definition of the term "mistake," the Court concluded that "Rule 60(b)(1) covers all mistakes of law made by a judge."  *Id.* at 1862.  In so doing, the Court rejected the Government's argument that Rule 60(b)(1) pertained only to "obvious" legal errors, while also rejecting Kemp's argument that the subsection was limited to "non-judicial, non-legal errors."  *Id.* at 1862-63.

There are several reasons why *Kemp* does not provide a basis to reopen the September 2010 Order.  For starters, Petitioner's appeal from that order was dismissed by the Second Circuit for lack of jurisdiction more than three years ago.  (Dkt. #51).  There is nothing to suggest that *Kemp*'s holding is somehow retroactive, or, more pointedly, that it would somehow restart the clock at one year under Rule 60(b)(1) for any of Petitioner's claims.  *Cf. Edwards* v. *Vannoy*, 141 S. Ct. 1547, 1560 (2021) ("New procedural rules do not apply retroactively on federal collateral review.").[1]  And while Petitioner contends that Judges Gorenstein and Holwell erred in analyzing his prior

---

[1]    Indeed, to the extent Petitioner alleges judicial error in his state court proceedings, *Kemp* affords him no new arguments.

motion to reopen under Rule 60(b)(1), their decisions also analyzed the motion under Rule 60(b)(6).  (Dkt. #25 at 4 ("It is unnecessary to determine whether Lora's motion is best characterized as a Rule 60(b)(1) or a Rule 60(b)(6) motion, however, as he has failed to bring his motion within a reasonable time."); Dkt. #28 at 2-3 (agreeing with 2010 Report's conclusion that Petitioner's first Rule 60(b) motion was not filed within a reasonable time, and ascribing four-year filing delay to Petitioner's "neglect")).

What is more, Petitioner properly invoke Rule 60(b)(6), which applies only if subsections (1) through (5) are inapplicable and, even then, only under "extraordinary circumstances" or to prevent extreme and undue hardship, which is not the case here.  *See Kemp*, 142 S. Ct. at 1861 ("This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable.").  Petitioner claims "extraordinary circumstances" arising from a concatenation of purported attorney and judicial errors in his state court case.  However, these errors were discussed in considerable detail in Judge Gorenstein's 2005 Report (Dkt. #25), and Petitioner's decision not to file objections to that Report for at least three years after learning of its issuance renders his prior and current Rule 60(b) motions untimely.

What is more, Petitioner fundamentally misapprehends *Kemp* in several respects.  At the end of his affidavit, Petitioner explains that

> *Kemp* marks a shift in the Court's conception of the function of Rule 60(b)(6) which portends well for the finally and error correction and an increased role in constitutional development for the federal courts.  If only, in inadvertent legal errors are "mistakes," all other legal error would fit elsewhere in Rule 60(b)(6), which

> collectively covers the waterfront of grounds for reopening. Yet, obvious, deliberate legal errors could be raised later under 60(b)(6).

(Dkt. #53 at 17). However, as discussed earlier, the *Kemp* Court rejected the litigants' efforts to limit Rule 60(b)(1) to "obvious" or "non-judicial, non-legal" errors, *Kemp*, 142 S. Ct. at 1862-63, and instead extended it to include "all mistakes of law made by a judge," *id.* at 1862. Moreover, *Kemp* did not purport to alter existing case law restricting the applicability of Rule 60(b)(6), including the "reasonable time" requirement set forth in Rule 60(c)(1). And, as noted earlier, *Kemp* confirmed that relief under Rule 60(b)(6) was "available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Id.* at 1861 (citing *Liljeberg* v. *Health Services Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

For all of these reasons, *Kemp* does not provide a basis for this Court to reopen the September 2010 Order. The Court accordingly denies Petitioner's motion to reopen. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c). The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis status* is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion at docket entry 52 and to mail a copy of this Order to Petitioner at his address of record.

SO ORDERED.

Dated:   November 1, 2022
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge